UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HIKMAT S. JARBOU and
JANAN F. JARBOU,

                    Plaintiffs,              Civil Action No. 14-11688
                                             Honorable Sean F. Cox
                                             Magistrate David R. Grand
        v.

J.P. MORGAN CHASE BANK
NATIONAL ASSOCIATION, as
purchaser of the loan and other assets of
Washington Mutual Bank formerly
known as Washington Mutual Bank, F.A.
,
                    Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS [4]

**I.      RECOMMENDATION**

        Before the Court is Defendant J.P. Morgan Chase Bank National Association's ("Chase")

motion to dismiss Plaintiffs Hikmat and Janan Jarbou's complaint.  [4].  The motion was referred

to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  A hearing

was held on August 18, 2014, and both parties presented argument.  For the following reasons,

the Court RECOMMENDS that Chase's motion [4] be GRANTED.

**II.     REPORT**

        **A.      Background**

        In 2000, the Jarbous purchased real property located at 4015 Golf Ridge Drive,

Bloomfield, Michigan ("the Property") in fee simple absolute.  (Plf. Resp. Ex. 1).[1]  The Jarbous

---

[1] Generally, assessment of the facial sufficiency of the complaint must be undertaken without

presently reside at the Property. (Plf. Resp. at 1). On or about February 13, 2004, they granted a mortgage to Washington Mutual Bank, F.A. ("WaMu") as security for a $1,495,000.00 loan. (Mot. Ex. 1). The Jarbous defaulted on their loan obligations and, on September 30, 2008, a sheriff's sale was held at which WaMu purchased the Property for $880,000 (the "Sheriff's Sale"), and a Sherriff's Deed was executed. *Id.* Ex. 2. On November 21, 2013, a Receiver's Deed for the Property from the Federal Despite Insurance Corporation (as Receiver for WaMu) to Chase, was recorded with the Oakland County Register of Deeds. *Id.* Ex. 3.

After the expiration of the redemption period, Chase (as WaMu's receiver) initiated summary proceedings in the 48th Judicial District Court in Michigan against the Jarbous. In response, the Jarbou's challenged the validity of the Sheriff's Sale and, on April 29, 2009, after a hearing, Chase obtained a Judgment of Possession. *Id.* Ex. 4. On April 30, 2009, the Jarbous appealed this judgment to the Oakland County Circuit Court, arguing that they did not receive notice of the foreclosure sale and that the foreclosure did not comply with statutory requirements. *Id.* Ex. 5 and 6. On March 19, 2010, the Oakland County Circuit Court entered an opinion and order affirming the judgment. *Id.* Ex. 6. In its order, the court noted that the district court had previously found that there was no defense to the complaint for eviction. *Id.* The court

---

resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010). This applies also "when a document is referred to in the pleadings and is integral to the claims." *Commercial Money Ctr.*, 508 F.3d at 335-36. Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated without converting the motion to dismiss to one for summary judgment even though the complaint referred only to the "plan" and not the accompanying documents).

further noted that at that hearing, the Jarbous had failed to raise the issue of notice of the foreclosure sale, but instead simply requested additional time to redeem. *Id.* The court found the notice argument waived as a result, but also considered and rejected it on its merits, finding that the notice provided met the statutory requirements. *Id.* The Jarbous attempted to appeal this decision to the Michigan Court of Appeals, which dismissed for lack of jurisdiction. *Id.* Ex. 7.

After the first appeal was dismissed, Chase requested, and on April 7, 2010, was granted, an Order for Writ of Restitution by the state district court, which ordered the Jarbou's eviction from the Property. *Id.* Ex. 8. The Jarbous appealed this writ to the Oakland County Circuit Court. *Id.* Chase moved to dismiss this appeal, and the court granted Chase's motion on May 12, 2010. *Id.* Ex. 9. On May 10, 2010, while this motion was pending, the Jarbous filed a new action against Chase and another defendant in Oakland County Circuit Court. *Id.* Ex. 10. The court dismissed the action against Chase, without prejudice, due to the Jarbous failure to serve. *Id.* Ex. 11.

On March 29, 2011, the Jarbous filed an action against WaMu and Chase in this Court. (Case. No. 11-cv-11272). In their complaint, the Jarbous challenged the mortgage loan and the Sheriff's Sale, alleging fraud, violations of the Truth in Lending Act, declaratory judgment, violation of 15 U.S.C. §§ 1640 and 1640(e), violation of the Real Estate Settlement Procedures Act, breach of contract, good faith dealing and infliction of injury and unjust enrichment. (Mot. Ex. 12). The Jarbous requested that the loan transaction be rescinded and that the foreclosure action be set aside and enjoined. *Id*. at 12-13. On July 17, 2012, the defendants filed a motion for summary judgment, to which the Jarbous did not respond. In the face of an order to show cause, issued by the Court, the Jarbous filed an "objection" in opposition to the defendants' amended motion for summary judgment, an apology, without explanation, for the late response

brief, and a motion from the Jarbous' counsel seeking leave to withdraw due to unpaid fees. (No. 11-cv-11272, Doc. 42 at 1-2). The Court granted the defendants' motion for summary judgment, noting that the Jarbous' response was "entirely conclusory and contain[ed] no discussion responsive to the cogent legal arguments made by Defendants." *Id.* at 2. The Court then entered judgment in the defendants' favor. (Mot. Ex. 13).

Interspersed with the above-discussed actions, the Jarbous filed numerous bankruptcy petitions – eight between them – with the United States Bankruptcy Court.[2] Some of these petitions had the effect of triggering the automatic stay provision, which resulted in the administrative closing of the state court eviction action. *Id.* Ex. 14. On April 2, 2014, after the last of the Jarbous' bankruptcy cases had been dismissed, Chase requested and obtained another order of eviction from the state district court. On April 14, 2014, the Jarbous appealed this order to the Oakland County Circuit Court, and the appeal was denied on May 21, 2014. *Id.* Ex. 15.

On April 9, 2014, the Jarbous filed the instant complaint against Chase in Oakland County Circuit Court. [1]. On April 28, 2014, Chase removed the case to this court on grounds of diversity. *Id.* The Jarbous' complaint alleges claims of quiet title, breach of MCL 600.3208, deceptive and/or unfair practices, and seeks an injunction, title to the Property, and other unspecified monetary relief. *Id.* On June 2, 2014, Chase moved to dismiss the Jarbous' complaint, arguing that their claims are barred by the doctrines of *res judicata* and collateral estoppel, and even if they are not, fail to state a claim for which relief could be granted. [4]. The Jarbous responded, more than six weeks after their response was due (citing preliminary

---

[2] *See* Case No. 09-56446, filed May 26, 2009; 09-64861, filed August 11, 2009, 10-57107, filed May 25, 2010; 10-58919, filed June 10, 2010; 10-66522, filed 8/25, 2010; 11-58443, filed July 6, 2011; 13-51318, filed June 4, 2013; and 13-62124, filed December 9, 2013. This last case was closed on February 19, 2014. *Id.*

settlement negotiations as the reason for the delayed response).[3]  [10].  They argue that Chase's motion is premature because they have not been permitted to engage in discovery pursuant to Fed. R. Civ. P. 56(d), that their underlying claims have merit, and that *res judicata* should not bar their claims because the merits of their claims have not been reached due to "errors, mistakes and confusion with the law in this area."  (Plf. Resp. at 8).

### B.    Legal Standard

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*citing Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the

---

[3] The Jarbous accompanied this filing with a motion for leave to file out of time, [9] which was granted on the record at the hearing.  As the Court indicated at the hearing however, the Jarbous' counsel should have filed the request for an extension prior to the due date for their response brief.

factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements.  *Iqbal*, 129 S.Ct. at 1949.  *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009).  Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading."  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 129 S.Ct. at 1949.

### C.    Analysis

#### 1.    *Entitlement to Discovery*

The Jarbous first argue that Chase's motion should be denied as premature where they have not been permitted to engage in discovery.  In support of their argument, the Jarbous cite to Fed. R. Civ. P. 56(d), which states that

> [i]f a nonmovant shows by affidavit or declaration that, for, specified reasons, it cannot presents facts essential to justify its opposition, the court may; (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  However, this rule applies to respondents to motions for summary judgment, which Chase's motion is not.  Instead, Chase moves to dismiss pursuant to Rule 12(b)(6), which permits dismissal of complaints that fail to state a claim for relief on their face.  By the very nature of this rule, discovery is neither necessary nor sufficient to defeat a 12(b)(6)

6

motion.  In fact, outside of the limited exceptions noted in footnote 1 above, evidence outside of the allegations of the complaint is prohibited from this Court's consideration on such a motion. For these reasons, and because the Court finds that it can properly decide the instant motion without reference to any extraneous evidence which would convert it into one for summary judgment, the Court finds that the Jarbou's reliance on Rule 56(d) is misplaced.

### 2.    Res Judicata

Chase argues that *res judicata* applies to this action, as the Jarbous' claims have all been decided on their merits in other state and federal proceedings, and thus are barred from being considered again here.  The doctrine of *res judicata* or "claim preclusion" bars further claims by a party or its privies based on the same cause of action upon which a final judgment on the merits has already been rendered.  *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999).  The doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."  *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)).  *See also Frank's Nursery & Crafts*, 177 F.3d at 462 (*res judicata* bars not only claims actually raised previously, but also those that "were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.") (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  "Whether a factual grouping constitutes a transaction for purposes of *res judicata* is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit."  *Buck*, 597 F.3d at 817 (quoting *Adair*, 470 Mich. at 125). The burden of proving *res judicata* is on the party asserting it.  *Id.*

Four elements must be met in order for *res judicata* to apply to a given case: "(1) a final

2:14-cv-11688-SFC-DRG   Doc # 13   Filed 08/21/14   Pg 8 of 11   Pg ID 503

decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 492 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). When a party satisfies each of the four elements as to any particular claim, a motion to dismiss that claim is meritorious. *Temple v. United States Air Force*, 205 F.3d 1342 (6th Cir. 2000).

Here, Chase establishes, and the Jarbous do not attempt to dispute, that all four of the requirements are satisfied. It is clear that a final decision has been reached on the merits, both in the prior Eastern District of Michigan action and in the prior state court actions. Specifically, the issue of notice, which is the central issue to each of the Jarbous' present claims, was litigated and resolved, on its merits, in at least two state court decisions, the Oakland County Circuit Court decisions of March 19, 2010, and of May 12, 2010. (Mot. Ex. 6, 9, 10).[4] It is also clear that the present action is between the same parties: the Jarbous and Chase. Furthermore, the Jarbous do not allege that any of their present claims are based on the acquisition of new evidence to which they were not privy in their prior actions, and most (if not all) of the claims they bring presently have been brought, in substance if not in form, in prior litigation. Certainly any of their instant claims could have been brought in the prior litigation. Finally, there is an identity of the causes of action. The Sixth Circuit has interpreted this final element to be

---

[4] The March 2010 Circuit Court decision found that the Jarbous had waived their notice argument for failure to raise it at the judgment of possession hearing. However, the court also found that the argument failed on its merits. (Mot. Ex. 6). The May 2010 decision did not specifically discuss the notice provision, but simply granted the motion to dismiss for reasons stated on the record, which is not available to the Court. (Mot. Ex. 9). However, the decision also noted that it resolved all pending claims, and it is clear from the Jarbous' complaint that they were, again, raising the issue of notice as a bar to foreclosure. (Mot. Ex. 10).

satisfied if "'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002). Here, all of the claims asserted in the Jarbous' instant complaint are centered on their mortgage and the subsequent foreclosure and sale of the Property, the same set of operative facts at issue in all of their prior litigations discussed above. For these reasons, *res judicata* applies to this case.

In response, the Jarbous argue that there are prudential exceptions to the application of *res judicata*, specifically when there is "confusion, misunderstandings, mistakes and legal errors" that make it "possible for the issue which is at the heart of the matter to be missed and not heard on the merits." (Plf. Resp. at 7). In support of their argument, the Jarbous cite a Michigan Court of Appeals case, *Bonner v. Rockwell*, 2012 Mich. App. LEXIS 2394 (Mich. App. Ct. Nov. 29, 2012). Besides being an unpublished, non-binding opinion, and thus of no precedential value here, the case does not stand for the broad proposition that the Jarbous claim. The issue in *Bonner* was whether *res judicata* applied where the prior judgment upon which it was based had been vacated. *Id.* at *7-8. No such circumstances exist here. All of the Jarbous' claims have been decided on their merits, in state and federal court, in decisions that, rather than having been vacated, have been upheld (repeatedly) on appeal (after appeal).

The Jarbous offer no case law that supports their claim for a prudential exception to *res judicata*, but even if such a case existed, the Court finds that it would not apply here. The Jarbous have had far more than their day in court, and their simple displeasure with the outcome of the judicial process is not a sufficient reason to permit them to re-litigate the same issues *ad infinitum*. As a result, Chase's motion [4] should be granted and this case should be dismissed.

9

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Chase's motion to dismiss

**[4]** be **GRANTED**.


Dated: August 21, 2014                           s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge


### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as
provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific
objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140
(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*,
638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail
to raise others with specificity, will not preserve all the objections a party might have to this
Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);
*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to
E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A
party may respond to another party's objections within 14 days after being served with a copy.
*See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and
should address specifically, and in the same order raised, each issue presented in the objections.

**<u>CERTIFICATE OF SERVICE</u>**

      The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

                              s/Eddrey O. Butts
                              EDDREY O. BUTTS
                              Case Manager

Dated:  August 21, 2014